

West Virginia E-Filing Notice

CC-43-2023-C-12

Judge: Timothy L. Sweeney

**To:** Ashley French
afrench@c-wlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA
Linda M. Figlar v. Simonton Windows & Doors, Inc.
CC-43-2023-C-12

The following supporting documents was FILED on 3/22/2023 4:42:06 PM

Notice Date:   3/22/2023 4:42:06 PM

Melanie Wilson
CLERK OF THE CIRCUIT COURT
Ritchie County
115 E Main St RM 301
HARRISVILLE, WV 26362

(304) 643-2164

# EXHIBIT B

## IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA

| | |
|---|---|
| **LINDA M. FIGLAR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )  **Civil Action No. CC-43-2023-C-12** |
| vs. | )  **Honorable Judge Timothy Sweeney** |
| | ) |
| **SIMONTON WINDOWS & DOORS,** | ) |
| **INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE TO CLERK OF FILING NOTICE OF REMOVAL

Please take notice that on March 22, 2023, Defendant Simonton Windows & Doors, Inc., by and through its undersigned counsel, removed the above-captioned case from the Circuit Court of Ritchie County, West Virginia, to the United States District Court for the Northern District of West Virginia. A true and correct copy of the Notice of Removal is attached hereto as "**Exhibit 1**".

**SIMONTON WINDOWS & DOORS, INC.**

By counsel,

*/s/ Ashley W. French*
Ashley W. French (WVSB #9060)
CIPRIANI & WERNER, P.C.
500 Lee Street East, Suite 900
Charleston, WV 25301
Telephone: (304) 341-0500
Facsimile: (304) 341-0507 Email:
afrench@c-wlaw.com

*/s/ M. Scott McIntyre*
M. Scott McIntyre *(pro hac vice pending)*
Heather M. Schisler *(pro hac vice pending)*
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: (513) 852-2622
Facsimile: (513) 929-0303
Email: smcintyre@bakerlaw.com
          hschisler@bakerlaw.com

**IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA**

| | |
|---|---|
| **LINDA M. FIGLAR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. CC-43-2023-C-12 |
| vs. | ) Honorable Judge Timothy Sweeney |
| | ) |
| **SIMONTON WINDOWS & DOORS, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 22nd day of March 2023, the foregoing "*Notice to Clerk of Filing Notice of Removal*" was filed via the West Virginia E-Filing System, which will send a service notification to the following counsel of record:

Erika Klie Kolenich, Esq.
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
ehklie@klielawoffices.com
*Counsel for Plaintiff*

/s/ Ashley W. French
Ashley W. French (WVSB #9060)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| LINDA M. FIGLAR, | ) |
| Plaintiff, | ) Case No. _____ |
| vs. | ) Judge _____ |
| SIMONTON WINDOWS & DOORS, INC. et al., | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, Defendant, Simonton Windows & Doors, Inc. ("Simonton" or "Defendant"), files its Notice of Removal of this action from the Ritchie County Circuit Court, and respectfully states as follows:

1. A civil action has been commenced on or about February 24, 2023, in the Ritchie County, Circuit Court, captioned *Linda M. Figlar v. Simonton Windows & Doors, Inc. et. al., CC-43-2023-C-12*. Defendant was served with Plaintiff's Complaint on February 27, 2023. A copy of the Complaint and Summons in this action are attached as Exhibit A and these documents constitute all "process, pleadings and orders" that have been filed in this case to date.

2. Defendant is entitled to remove this action because this Court has jurisdiction pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. This is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

**EXHIBIT 1**

3. Linda Figlar's ("Plaintiff" or "Figlar") Complaint, including her claims for actual, punitive, "emotional distress" damages, lost benefits, and back pay/front pay, show that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.[1]

4. Defendant is informed and believes that, as alleged in the Complaint, Plaintiff is a citizen of Ritchie County, West Virginia.

5. Defendant has its principal place of business in Cary, North Carolina and is incorporated in Delaware. Plaintiff is, therefore, diverse from Defendant.

6. "Kelly Doe" is a fictious party who has not been properly joined or served in this action. Her citizenship, if any, is thus ignored for removal purposes. *Karnes v. Outback Steakhouse of Florida, LLC*, No. 1:15-13441, 2016 WL 3661557, at * 2 (S.D. W.V. July 5, 2016). Plaintiff has otherwise failed to allege "Kelly Doe" is a citizen of West Virginia regardless.

6. This Notice of Removal is being filed within thirty (30) days after Plaintiff's complaint was served upon Defendant and, therefore, is timely filed pursuant to the provisions of 28 U.S.C. § 1446(b).

7. Defendant, upon filing this Notice of Removal, is filing a copy of this Notice of Removal with the Clerk of the Ritchie Circuit Court, which has effected this removal in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

WHEREFORE, Defendant, Simonton Windows & Doors, Inc. hereby removes this action now pending in the Circuit Court of Ritchie County, West Virginia as Civil Action No. CC-43-2023-C-12 to this Court.

---

[1] Though Defendant expressly denies that Plaintiff is entitled to any such damages.

Respectfully submitted,

**SIMONTON WINDOWS & DOORS, INC.**

By counsel,

*/s/ Ashley W. French*
Ashley W. French (WVSB #9060)
CIPRIANI & WERNER, P.C.
500 Lee Street East, Suite 900
Charleston, WV 25301
Telephone: (304) 341-0500
Facsimile: (304) 341-0507
Email: afrench@c-wlaw.com


*/s/ M. Scott McIntyre*
M. Scott McIntyre *(pro hac vice pending)*
Heather M. Schisler *(pro hac vice pending)*
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: (513) 852-2622
Facsimile: (513) 929-0303
Email: smcintyre@bakerlaw.com
       hschisler@bakerlaw.com

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| LINDA M. FIGLAR, | ) |
| Plaintiff, | ) Case No. _____ |
| vs. | ) Judge _____ |
| SIMONTON WINDOWS & DOORS, INC. et al., | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I, Ashley W. French, counsel for Defendant Simonton Windows & Doors, Inc., do hereby certify that the foregoing *"Notice of Removal"* has been electronically filed with the Clerk of the Court, this 22nd day of March 2023, using the CM/ECF system which will send notification of such filing to counsel of record:

Erika Klie Kolenich, Esq.
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
ehklie@klielawoffices.com
*Counsel for Plaintiff*

/s/ Ashley W. French
Ashley W. French (WVSB #9060)
CIPRIANI & WERNER, P.C.

# SUMMONS



IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA
**Linda M. Figlar v. Simonton Windows & Doors, Inc.**

Service Type: Secretary of State - Certified - Including Copy Fee

NOTICE TO: Simonton Windows & Doors, Inc., C T Corporation System, 5098 Washington St, W., Ste 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Erika Kolenich, 21 E MAIN ST, STE 160, BUCKHANNON, WV 26201

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

2/24/2023 8:59:16 AM          /s/ Melanie Wilson
       Date                              Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____            _____
    Date                         Server's Signature

ATTEST COPY
Melanie O Wilson
RITCHIE COUNTY CIRCUIT CLERK

# EXHIBIT A



## IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA

**LINDA M. FIGLAR,**

    **Plaintiff,**

**v.**                                                    **Civil Action No. 23-C-**

**SIMONTON WINDOWS &**
**DOORS, INC. and KELLY DOE,**

    **Defendants.**

### COMPLAINT

NOW COMES the Plaintiff, Linda M. Figlar, and for her cause of action against the Defendant, Simonton Windows & Doors, Inc., and Kelly Doe states and alleges as follows, to-wit:

1. Plaintiff Linda M. Figlar (hereinafter referred to as "Plaintiff" or "Plaintiff Figlar") is an adult individual and resident of 318 Madison St, Ellenboro, Ritchie County, West Virginia.

2. Defendant Simonton Windows & Doors, Inc. (hereinafter referred to as "Defendant Simonton") is a foreign corporation and licensed and authorized to do business in the state of West Virginia. Defendant Simonton does actively and systematically conduct and transact business in the state of West Virginia, specifically Ritchie County, West Virginia. Defendant Simonton has a principal office address of 5020 Weston Parkway, Suite 400, Cary, NC 27513 and a notice of process address of c/o C T Corporation System, 5098 Washington St. W., Ste 407, Charleston, West Virginia 25313.

3. At all times relevant, based upon information and belief, Defendant Kelly Doe (hereinafter referred to as "Defendant Kelly") was an adult individual, employed for Defendant Simonton in the Human Resources department.

4. Upon information and belief, at all times relevant herein, Plaintiff Figlar was hired by Defendant Simonton on or about March of 2021 to work in production in their Ellenboro, Ritchie County, West Virginia location.

5. Throughout the duration of her employment, Plaintiff Figlar completed all of her job duties in a satisfactory or above satisfactory manner and committed no separate dischargeable offense.

6. On or about July of 2021, Plaintiff Figlar discovered that she was pregnant and informed Defendant of the same.

7. On or about July 8, 2021, Plaintiff Figlar obtained and provided to Defendants, a letter from her doctor specifying pregnancy restrictions of lifting no more than thirty pounds. Plaintiff got and provided the letter on the direction of Defendants.

8. Upon information and belief, there were positions within the production team that could have adhered to these restrictions, however, Defendants forced Plaintiff Figlar to go on unpaid leave instead. She was told that she could return to work as usual after her child was born.

9. On or about April 3, 2022, after her child was born, Plaintiff Figlar returned to work for Defendant Simonton. She was placed in a different position than she'd been in before. In this new position, she was not required to lift more than thirty pounds. The fact that this position existed and was available is evidence that Defendant Simonton could have allowed Plaintiff to work within her weightlifting restrictions while she was pregnant. Instead, Defendant Simonton only gave her the position after Plaintiff was no longer on restrictions.

10. In or about May of 2022, Plaintiff Figlar missed some time from work because her infant son was sick and in the hospital. Plaintiff Figlar relayed the same to Defendant Simonton, and Defendant Simonton approved the time off.

11. On or about July 4, 2022, through July 5, 2022, Plaintiff Figlar was off work for her previously planned, requested, and approved vacation time. Plaintiff Figlar then ended up needing an additional day off on July 6, 2022, and called off.

12. Upon information and belief, throughout the duration of her employment, Plaintiff Figlar had not received any disciplinary actions related to her attendance.

13. On or about July 8, 2022, Defendant Simonton, through Defendant Kelly, wrongfully, recklessly, carelessly, willfully, wantonly, and unlawfully terminated Plaintiff Figlar claiming she had missed too much time from work.

14. As a direct and proximate result of the acts and omissions described herein, Plaintiff Figlar was injured and damaged as hereinafter set forth.

## COUNT I – PREGNANCY DISCRIMINATION

15. Plaintiff hereby re-alleges each and every allegation contained in paragraphs one (1) through fourteen (14) of this complaint as if fully rewritten herein.

16. Based upon information and belief, Defendants had actual and/or constructive knowledge of said disparate treatment and acquiesced in and/or failed to take action to remedy the same.

17. Based upon information and belief, the decision to terminate Plaintiff was based in part on her pregnancy and subsequent time taken off.

18. The acts and/or omission of Defendants as herein alleged constitute discrimination in violation of the West Virginia Pregnant Workers' Fairness Act Pregnant Workers'

3

Fairness Act, W.Va. Code §5-11B-1, et seq.; and directly and proximately caused Plaintiff Figlar to suffer injuries, damages and losses as hereinafter set forth.

19. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of the Pregnant Workers' Fairness Act for which Plaintiff is entitled to an award of punitive damages.

20. The acts and/or omissions of the Defendants as set forth herein were committed in an effort to contravene a substantial public policy in the State of West Virginia.

21. As a direct and proximate result of the illegal, wrongful, reckless, willful, intentional, negligent acts of Defendants, Plaintiff Figlar has suffered damages as hereinafter set forth.

**COUNT II – FAILURE TO PROVIDE ACCOMMODATION**

22. Plaintiff hereby re-alleges each and every allegation contained in paragraphs one (1) through twenty-one (21) of this complaint as if fully rewritten herein.

23. Defendants were fully aware of Plaintiff's pregnancy as previously described and the restrictions.

24. Upon information and belief, Defendants could reasonably provide said accommodations, however, Defendants insisted they could not and forced Plaintiff Figlar to go on leave.

25. Further, Defendant Simonton failed to have proper policies and procedures in place and/or failed to train on the policies and procedures regarding: pregnant employees, accommodations, and getting those employees back to work.

26. Defendants' actions as described herein were in direct violation of the Pregnant Workers' Fairness Act, W.Va Code §5-11B, et seq.

4

27. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff suffered injuries, damages and losses as hereinafter set forth.

### COUNT III – WRONGFUL TERMINATION

28. Plaintiff hereby re-alleges each and every allegation contained in paragraphs one (1) through twenty-seven (27) of this complaint as if fully rewritten herein.

29. Based upon information and belief, Plaintiff Figlar was wrongfully terminated by Defendants.

30. Based upon information and belief, Plaintiff's termination was at least in part based on her requesting accommodations due to her pregnancy and then requesting time off to care for her sick child. Plaintiff Figlar did not commit any separate dischargeable offense.

31. As a direct and proximate result of the acts and/or omissions described herein, Plaintiff suffered injuries, damages and losses as hereinafter set forth.

### DAMAGES

32. Plaintiff hereby re-alleges each and every allegation contained in paragraphs one (1) through thirty-one (31) of this complaint as if fully rewritten herein.

33. As a direct and proximate result of the acts and/or omissions of Defendants, as herein alleged, Plaintiff has been caused to suffer injuries, damages and losses, including but not limited to: back pay, lost benefits, front pay, future loss of benefits, emotional distress, anxiety, fear, embarrassment, humiliation, financial hardship, punitive damages as may ultimately be pled and provide, attorney fees, and all other such relief as the Court deems proper.

5

34. All of the acts of Defendant Simonton and its agents, servants, and employees, as alleged in each count of this Complaint were willful, wanton, and malicious and/or reckless and/or in reckless disregard for the civil rights of the Plaintiff.

WHEREFORE, Plaintiff, Linda M. Figlar, demands judgment against Defendants Simonton Windows & Doors, Inc., and Kelly Doe, in an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs and such further relief as a Court or jury may find just. Together with punitive damages against the Defendants, in an amount that will punish Defendants from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State of West Virginia in the future and in such amount as will satisfy all other reasons of law and public policy for an award of punitive or exemplary damages; and Plaintiff further prays for an award of attorney fees, costs, interests, and for such other relief as the Court or jury deems just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Respectfully Submitted,
Linda M. Figlar,

_/s/ Erika Klie Kolenich, Esq._

Erika Klie Kolenich, Esq. (9880)
Klie Law Offices, PLLC
21 E. Main Street , Suite 160
Buckhannon, WV 26201
304-472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com

**IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA**

| | |
|---|---|
| **LINDA M. FIGLAR,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | )   **Civil Action No. CC-43-2023-C-12** |
| vs. | )   **Honorable Judge Timothy Sweeney** |
| | ) |
| **SIMONTON WINDOWS & DOORS,** | ) |
| **INC., et al.,** | ) |
| | ) |
|       **Defendants.** | ) |

**NOTICE TO CLERK OF FILING NOTICE OF REMOVAL**

Please take notice that on March 22, 2023, Defendant Simonton Windows & Doors, Inc., by and through its undersigned counsel, removed the above-captioned case from the Circuit Court of Ritchie County, West Virginia, to the United States District Court for the Northern District of West Virginia. A true and correct copy of the Notice of Removal is attached hereto as "**Exhibit 1**".

**SIMONTON WINDOWS & DOORS, INC.**

By counsel,

*/s/ Ashley W. French*
Ashley W. French (WVSB #9060)
CIPRIANI & WERNER, P.C.
500 Lee Street East, Suite 900
Charleston, WV 25301
Telephone: (304) 341-0500
Facsimile: (304) 341-0507 Email:
afrench@c-wlaw.com

*/s/ M. Scott McIntyre*
M. Scott McIntyre *(pro hac vice pending)*
Heather M. Schisler *(pro hac vice pending)*
BAKER & HOSTETLER LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Telephone: (513) 852-2622
Facsimile: (513) 929-0303
Email: smcintyre@bakerlaw.com
       hschisler@bakerlaw.com

# EXHIBIT B

**IN THE CIRCUIT COURT OF RITCHIE COUNTY, WEST VIRGINIA**

| | |
|---|---|
| LINDA M. FIGLAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. CC-43-2023-C-12 |
| vs. | ) Honorable Judge Timothy Sweeney |
| | ) |
| SIMONTON WINDOWS & DOORS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 22nd day of March 2023, the foregoing "*Notice to Clerk of Filing Notice of Removal*" was filed via the West Virginia E-Filing System, which will send a service notification to the following counsel of record:

Erika Klie Kolenich, Esq.
Klie Law Offices, PLLC
21 E. Main Street, Suite 160
Buckhannon, WV 26201
ehklie@klielawoffices.com
*Counsel for Plaintiff*

/s/ Ashley W. French
Ashley W. French (WVSB #9060)

2