IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| LINDA M. FIGLAR, **Plaintiff**, v. SIMONTON WINDOWS AND DOORS, INC., and KELLY DOE, **Defendants**, | CIVIL ACTION NO.: 1:23-CV-30 (JUDGE KLEEH) |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART SIMONTON'S MOTION FOR PROTECTIVE ORDER [ECF NO. 50]**

Presently pending before the Court is a motion for a protective order [ECF No. 50] filed by Defendant Simonton Windows and Doors., Inc. ("Simonton") on December 11, 2023. The Court is in receipt of Plaintiff's response [ECF No. 56] in opposition, thereto, filed on December 26, 2023. The Court also is in receipt of Simonton's reply [ECF No. 58] in support of its motion, filed on December 29, 2023. By Referral Order [ECF No. 54] dated December 21, 2023, the Hon. Thomas S. Kleeh, Chief United States District Judge, referred the motion to the undersigned United States Magistrate Judge for hearing and entry of an order as to appropriate disposition. Then, on January 10, 2024, the undersigned conducted a hearing on the same.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

By this action, Plaintiff brings claims related to her employment by Simonton. In particular, Plaintiff alleges causes of action for pregnancy discrimination, failure to accommodate, and wrongful termination. In the course of discovery herein, Plaintiff served a notice under Fed. R. Civ. P. 30(b)(6) to take the deposition of a corporate representative of Simonton. The notice

1

concerns a number of areas of inquiry, involving an array of employment policies and procedures, retention of records, and other such topics. Simonton resists the deposition as proposed by Plaintiff, and seeks a protective order from this Court to shield it from the deposition. Simonton objects to the breadth of the topics about which Plaintiff wishes to inquire, and the temporal scope of many of the areas of inquiry. Simonton also has concerns about Plaintiff treading on protected attorney work-product. Finally, during the hearing before the undersigned, Simonton stressed the efficiencies of undertaking other deposition discovery before that of a Rule 30(b)(6) witness.

In the parties' briefing, and in the hearing before the undersigned, the parties appear to be in agreement as to the topic areas in Plaintiff's notice of Rule 30(b)(6) deposition which are at issue. Those topics are summarized as follows.

1. Topics 1-6 regarding document retention, in particular.

    i. document retention policies;
    ii. the process for collecting reports of pregnancy discrimination and wrongful termination;
    iii. the location of documents reflecting requests made by Plaintiff and complaints made about Plaintiff;
    iv. the identity of all current/former employees or third parties who would possess documents regarding Plaintiff's employment;
    v. the identity of electronic or hardcopy document filing systems searched regarding discovery propounded in this case; and,
    vi. information about documents which Simonton believes should exist but cannot find, and information about whether such documents were destroyed.

2. Topic 8, regarding the bases for Simonton's denial of allegations in its Answer to the Amended Complaint.

3. Topic 11, regarding every formal complaint of pregnancy discrimination and wrongful termination made at Plaintiff's workplace in the preceding five years.

4. <u>Topic 14</u>, regarding Simonton's policies and procedures concerning pregnancy discrimination and the investigation of complaints concerning pregnancy discrimination, which were effective in the preceding five years.

5. <u>Topic 16</u>, regarding all positions which Simonton has had open or advertised, from the time of start of Plaintiff's employment through the present, and duties associated with each.

For the reasons more fully set forth herein, Simonton's motion is **GRANTED in part** and **DENIED in part**.

## II. PERTINENT LAW AND STANDARDS

Under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any <u>nonprivileged</u> matter that is relevant to any party's claim or defense and <u>proportional to the needs of the case</u>, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphases added). Notably, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id</u>. As for the particular type of deposition Plaintiff seeks to conduct, that being a representative of Simonton, the Rules provide:

> *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6). Further, in terms of Simonton seeking a protective order here:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed. R. Civ. P. 26(c)(1).

## III. ANALYSIS AND DECISION

The Court delineates between the substantive relief which Simonton seeks regarding the actual Rule 30(b)(6) deposition, and the ancillary relief it seeks in the form of an award of attorney's fees and costs in bringing its motion.

### A. Substance of the Rule 30(b)(6) Deposition

Simonton does not emphasize the issue of proportionality in its motion as much as it emphasizes other arguments. Nonetheless, at the hearing before the undersigned, the issue about the proportionality of Plaintiff's Rule 30(b)(6) notice became evident, and steers the Court's analysis of the issue. Plaintiff has noticed a Rule 30(b)(6) deposition with a rather sweeping set of areas of inquiry. There appears to be little dispute that locating, preparing, and producing the requisite Rule 30(b)(6) representative(s), while certainly possible, is a time- and resource-intensive endeavor. Also, there appears to be little to no dispute that the monetary value of Plaintiff's claims is relatively modest.

As Simonton's counsel explained during the hearing before the undersigned, an appropriate staffer from Simonton's human resources department could first be made available for deposition. Per Simonton's counsel, such an individual would be able to testify to much or all of the pertinent information (otherwise reflected in the Rule 30(b)(6) notice) which seems to be of interest to Plaintiff. The human resources staffer would be familiar with the particular facility at which Plaintiff was employed, and would be familiar with pertinent facts and circumstances of Plaintiff's

4

employment, and Simonton's recordkeeping and decision-making concerning the same. In other words, rather than offering a corporate representative's macro-level testimony about operations, such a human resources staffer could testify to certain key facts of interest to Plaintiff. Doing so prior to a Rule 30(b)(6) deposition may well obviate the need for a Rule 30(b)(6) deposition altogether, or at least could limit Plaintiff's need to notice a deposition with such a broad scope.

The Federal Rules of Civil Procedure allow the Court to examine the proportionality of discovery requests – balancing a party's need to discover information regarding claims and defenses against the burden and expense of discovery, especially discovery requests that are broad in scope. By directing the parties to first engage in the suggested deposition of Simonton's human resources staffer, neither party will be prejudiced. In fact, Plaintiff may well be aided by first undertaking such a deposition, because such a human resources staffer likely has the most direct, germane factual information about Plaintiff's employment. At the hearing before the undersigned, Plaintiff's counsel suggested that first taking the deposition of a Rule 30(b)(6) witness may be the more efficient technique, in that such a deponent may provide <u>all</u> of the information Plaintiff seeks. But given the modest value of Plaintiff's claims, and the resources which would be expended in making a Rule 30(b)(6) witness available as a first deponent, a deposition of a human resources employee with more direct factual information would be more efficient. After taking that person's deposition, if Plaintiff still seeks to conduct a Rule 30(b)(6) deposition, chances are that the scope of the same will be better tailored to the needs of the case.

Accordingly, based on the foregoing, Simonton's motion for a protective order [ECF No. 50] is **GRANTED in part**, insofar as Plaintiff will first take the deposition of the human resources staffer as discussed in the hearing before the undersigned. It is so **ORDERED**. It is further **ORDERED** that the parties shall cooperate to schedule and conduct such a deposition of the

human resources staffer in a timely fashion, and in a date, time, and manner that are mutually agreeable. Simonton's motion for a protective order is **DENIED in part** insofar as Plaintiff nonetheless may be permitted to notice a Rule 30(b)(6) deposition after taking the deposition of the human resources staffer, should Plaintiff perceive a need to do so. If Plaintiff in fact notices such a deposition and Simonton sees a need to resist the same, and if the parties cannot resolve that further dispute, then Simonton may renew its request here by filing a proper motion. It is all so **ORDERED**.

### B. Attorney's Fees and Costs

Simonton seeks an award of its attorney's fees and costs in bringing the motion which is the subject of this Memorandum Opinion and Order. However, such an award is not justified in these circumstances.

Under Fed. R. Civ. P. 26(c)(3) concerning a motion for a protective order, it is provided that Fed. R. Civ. P. 37(a) governs the determination of whether to award expenses. In particular, "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). As such, the Court certainly is not <u>required</u> to award expenses. Not for nothing, instructive caselaw provides that the Court has broad discretion managing discovery in civil matters and the disputes arising therein. <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.</u>, 43 F.3d 922, 929 (4th Cir. 1995). As such, trial courts likewise enjoy wide discretion in determining whether to award expenses to a prevailing party. See generally <u>Gardner v. AMF Bowling Ctrs., Inc.</u>, 271 F. Supp. 2d 732, 733–34 (D. Md. 2003); <u>Biovail Corp. v. Mylan Labs., Inc.</u>, 217 F.R.D. 380, 382-383 (N.D.W. Va. 2003). In this regard, Rule 37 is "flexible in its nature and the court has broad discretion in its choice of

and the type and degree of sanctions to be imposed." Stillman v. Edmund Sci. Co., 522 F.2d 798, 801 (4th Cir. 1975).

In the case at bar, the tone of the parties' briefing is shrill, and each is indignant concerning the conduct and litigation strategy of the other. Each side expresses acute aggrievement. The Court of course recognizes the need for zealous advocacy by the respective counsel. In this instance, though, it is clear that the dispute departed from creative problem-solving and became something else altogether unproductive. There is blame to share in this regard. In view of the latitude which the Court enjoys in determining whether to award expenses, then, the Court declines Simonton's request for an award of expenses incurred in bringing its motion.

Thus, Simonton's motion [ECF No. 50] is **DENIED in part** insofar as Simonton seeks an award of attorney's fees and costs. It is so **ORDERED**.

## IV. ORDER

Accordingly, based on the foregoing, it is **ORDERED** that Simonton's motion [ECF No. 86] is hereby **GRANTED in part** and **DENIED in part** as more particularly set forth herein.

It is all so **ORDERED**.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: January 18, 2024**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE