IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LINDA M. FIGLAR,**

    **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO. 1:23-CV-30**
                                                                    **(KLEEH)**

**SIMONTON WINDOWS & DOORS, INC.
AND KELLY DOE,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY [ECF NO. 79]**

Pursuant to this Court's Scheduling Order [ECF No. 16], discovery in this matter was to be completed by May 20, 2024. On May 19, 2024, Plaintiff Linda M. Figlar ("Plaintiff") filed *Plaintiff's Motion for Extension of Time to Complete Discovery* [ECF No. 79], which seeks to extend the discovery period by 30 days to allow the parties to resolve alleged outstanding discovery issues. Soon after filing the subject motion, Plaintiff filed additional discovery motions seeking to compel written discovery [ECF No. 81] and a 30(b)(6) deposition [ECF No. 83]. Defendant Simonton Windows & Doors, Inc. ("Defendant") opposes extending the discovery deadline in this case. ECF No. 88. For the following reasons, Plaintiff's motion to extend the discovery deadline [ECF No. 79] is **DENIED**. Furthermore,

Plaintiff's motions to compel [ECF Nos. 81, 83] are **DENIED AS MOOT**.[1]

## I.   APPLICABLE LAW

### A.   Rule 16's Good Cause Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

> "Good cause" requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.

Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (quotation and alterations omitted). "To demonstrate good cause, a moving party must have been diligent in seeking to abide by the established deadlines in the schedule." Culley-Brown v. Am. Petroleum Partners, LLC, No. 5:21-CV-94, 2022 WL 2678519, at *2 (N.D.W. Va. July 11, 2022). See also, Tawwaab v. Virginia Linen Serv., Inc., 729 F. Supp. 2d 757, 768 (D. Md. 2010) ("Under Rule 16(b), good cause exists where the moving party has diligently made efforts to meet court imposed deadlines."). "District courts have discretion to consider other factors before amending

---

[1] This Court's Orders referring the subject motions to compel to Magistrate Judge Michael J. Aloi are hereby **TERMINATED** [ECF Nos. 85, 86].

2

a scheduling [order], which include: the danger of prejudice to the non-moving party, the length of delay and its potential impact on the proceeding, the movant's reason for the delay, and whether the movant acted in good faith." Jackson v. United States, No. CV 3:14-15086, 2016 WL 502056, at *1 (S.D.W. Va. Feb. 8, 2016). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Culley-Brown, 2022 WL 2678519, at *2 (quoting Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995)).

## II. ANALYSIS

Plaintiff moves this Court for a thirty-day extension to the discovery deadline to obtain additional information, which is "minimal in volume and central to Plaintiff's theory of the case." ECF No. 79 at p. 6. Plaintiff contends that good cause exists to modify the Scheduling Order [ECF No. 16] because (1) Defendant would not be prejudiced by the extension; (2) the extension would not otherwise alter the Court's deadlines and schedule; and (3) Plaintiff contends she acted in good faith to try to avoid the delay. Id. at pp. 7-11.

Specifically, Plaintiff claims that the only outstanding discovery dispute revolves around the narrow issue of identifying alternative open positions within Defendant's company. Plaintiff's request for a 30(b)(6) deposition included the following noticed topic:

3

> 16. Any and all positions Defendant had open and/or advertised for from the beginning of Plaintiff's employment through the present and the job requirements and duties associated with each position.

ECF No. 79-1. Defendant objected to this topic, which was ultimately part of Defendant's motion for protective order [ECF No. 50]. Magistrate Judge Aloi granted in part and denied in part Defendant's motion for a protective order, directing the parties to first take the deposition of a human resources staffer and then permitting Plaintiff to notice a Rule 30(b)(6) deposition after, if still necessary. ECF No. 61. Plaintiff renewed her request for a 30(b)(6) deposition on March 29, 2024, but Defendant declined to designate a corporate representative, asserting that the human resource staffer's deposition negated the need for a 30(b)(6) deposition. ECF No. 79 at p. 4. Thereafter, on April 1, 2024, Plaintiff served an interrogatory on Defendant requesting "the identification of any and all positions available between July 8, 2021, and August 25, 2021, at the location in which Plaintiff was employed for Defendant, and well as the physical requirements of each position." ECF No. 79 at p. 6. Defendant responded to Plaintiff's discovery requests. Id. at p. 7.

Ultimately, Plaintiff contends that Defendant failed to produce the requested information and that she attempted to resolve the claimed deficiency without court intervention. She

4

now requests the discovery period be extended to permit her to obtain the alleged discoverable information. Id. at pp. 10-11.

In contrast, Defendant asserts that Plaintiff has not shown good cause to warrant amending the scheduling order and extending the discovery period. Rather, Defendant contends that Plaintiff has failed to diligently pursue her claims and wasted time engaging in multiple failed attempts to reframe the scope of her lawsuit. ECF No. 88 at pp. 1-2.

First, Defendant argues that Plaintiff fails to meet Rule 16(b)'s good cause standard because she has not engaged in diligent discovery. While the discovery period commenced on or around May 8, 2023, Plaintiff did not take any depositions until March 28, 2024 – six weeks before the close of discovery. Id. at p. 7. Defendant further argues that Plaintiff did not allow for sufficient time to resolve discovery disputes by waiting until April 1, 2024, to file additional written discovery. Id. Notably, Plaintiff took the deposition of Shelia Bowie on May 17, 2024, and did not raise any issues regarding the need for additional discovery at such time with defense counsel. Id. at p. 8. Instead, Defendant asserts it was "ambush[ed]" with the subject motion to extend discovery two days later on May 19, 2024. Id. Ultimately, it is Defendant's position that Plaintiff's need to amend the Scheduling Order is the result of "her own carelessness in understanding her own claims." Id. at

5

p. 9. Second, Defendant contends that Plaintiff failed to argue, and thus did not prove, excusable neglect. Id. at p. 10. Nonetheless, Defendant does not believe the additional factors would warrant a finding of excusable neglect. Id. Defendant argues it will be further prejudiced if the discovery period is extended because it suspects Plaintiff will seek more discovery than the narrow issue addressed in her motion and will also engage in "vexatious motion practice." Id. at p. 11. Finally, Defendant moves the Court to deny Plaintiff's newly filed discovery motions as moot because they were filed on the last day of discovery. Id.[2]

Here, the Court finds that Plaintiff has failed to show good cause to modify the Scheduling Order. The record before the Court shows that Plaintiff has not diligently acted in compliance with this Court's Scheduling Order [ECF No. 16] and the discovery deadline. The discovery period ran from May 22, 2023 until May 20, 2024 – approximately one year. ECF No. 16. Despite this time frame, Plaintiff did not take any depositions in this case until March 28, 2024. ECF No. 65. While there were clearly disputes between the parties regarding the scope of the 30(b)(6) deposition and the corporate designee, this did not

---

[2] "Several courts have determined compliance with the discovery cutoff requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court grant effective relief within the allotted discovery time." Gerawan Farming, Inc. v. Rehrig Pac. Co., No. 1:11-CV-01273-LJO, 2013 WL 492103, at *5 (E.D. Cal. Feb. 8, 2013) (collecting cases).

6

prevent Plaintiff from taking fact witness depositions. Just as Defendant took Plaintiff's deposition in October 2023, Plaintiff could have taken Kellie Gorrell's deposition sooner to allow time for further discovery. Ms. Gorrell was not Defendant's corporate representative – as evidenced by the Magistrate Judge's Order directing Plaintiff to take a human resources staffer's deposition prior to a 30(b)(6) deposition. See ECF No. 61. Had Plaintiff sought to depose Ms. Gorell or Shelia Bowie earlier, Plaintiff would have then had time to further discover the information obtained from those depositions – without seeking an extension.

The evidence supports that Defendant attempted to confer in good faith and assisted in coordinating the late-in-discovery deposition of Ms. Bowie. The fact that Plaintiff now claims only one discoverable issue remains supports that if Plaintiff had acted earlier in the discovery period, it may have been properly resolved. Even if there was good cause to wait on any deposition until the Magistrate Judge's ruling, Plaintiff still waited over a month after the ruling to notice Ms. Gorrell's deposition and then another month before taking the deposition. See ECF No. 65. These gaps in time support that the discovery deadline could have been reasonably met. Rather, Plaintiff's need for an extension appears to be a manufactured emergency.

7

The additional factors similarly do not weigh in favor of good cause. While Plaintiff contends that that the extension is not prejudicial because it would not affect any other scheduling deadlines, this is not the case. Allowing the extension would likely prejudice Defendant because it would subject it to additional discovery motions and disputes – which are otherwise untimely and improper under this Court's Local Rules.[3] Defendant would thus have to continue litigating over discovery issues which it has already conferred and quarreled upon.

Furthermore, while Plaintiff only asks for a 30-day extension, it would likely take longer for the Court to resolve the motions to compel and afford the parties time to execute its directive. Plaintiff's Motion also assumes that she is entitled to the "identification of any and all positions available between July 8, 2021, and August 25, 2021, at the location in which Plaintiff was employed for Defendant, and well as the physical requirements of each position." However, the record clearly shows that Defendant disputes this proposition. Thus, the extension would not simply be time for Defendant to hand-over the information, but instead would be more time litigating the information's discoverability. Simply put, this dispute is

---

[3] "[A]ll discovery, objections, motions to compel and all other motions and replies relating to discovery must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses." LR Civ P 16.01.

not new and could have been resolved within the discovery timeframe. Thus, the length of delay and its potential impact on this proceeding does not support amending the scheduling order.

Ultimately, Plaintiff has not shown good cause for extending the discovery deadline. While she contends that the extension would enable her to receive crucial discoverable information – such information, if discoverable or crucial, should have been pursued earlier in the discovery phase. Accordingly, Plaintiff's motion to extend the discovery deadline [ECF No. 79] is **DENIED**.

### III. CONCLUSION

Therefore, the Court **DENIES** Plaintiff's motion to extend the discovery deadline [ECF No. 79]. In accord with this ruling, Plaintiff's motions to compel [ECF Nos. 81, 83] are untimely, and thus **DENIED AS MOOT**.[4]

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record by electronic means.

Dated: May 30, 2024

_/s/ Thomas S. Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

---

[4] See Mylan Pharms., Inc. v. Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., No. CIV.A. 1:03CV16, 2006 WL 625465, at *4 (N.D.W. Va. Mar. 9, 2006) (denying motion to compel which was filed the last day of discovery period as untimely).